ORIGINAL

LAW OFFICES OF STEVEN C. VONDRAN, P.C.
Steven C. Vondran, Esq. (SBN 232337)
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Phone: (949) 689-8752
Fax: (949) 209-0358
Email: Steve@VondranLaw.com

FILED
AUG 26 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: /RS/ Deputy Clerk

Attorney for Debtor: Deanna Eileen Rachlin

# UNITED STATES BANKRUPTCY COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

By FAX

| | |
|---|---|
| In Re:<br>DEANNA EILEEN RACHLIN<br>    Debtor<br>-----<br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR14, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR14 UNDER THE POOLING AND SERVICE AGREEMENT DATED OCTOBER 1, 2006.<br>    Movant<br><br>v.<br><br>DEANNA EILEEN RACHLIN<br>    Debtor<br><br>And<br>ELISSA MILLER, CHAPTER 7 TRUSTEE | Case No: 2:10-BK-24246-RN<br><br>**DEBTORS BRIEF REGARDING DEUTSCHE BANK VIOLATION OF STAY BY ASSIGNING DEED OF TRUST AND "NOTES THEREIN" WHILE DEBTOR WS PROTECTED BY THE AUTOMATIC STAY**<br><br>ORAL ARGUMENT REQUESTED<br><br>Hearing Date: 9/8/10<br>Time: 9:00 a.m.<br>Ctrm: 1645<br>Floor: 16th |

COMES NOW DEBTOR BRIEFING THE ISSUE OF VIOLATION OF THE

AUTOMATIC STAY BY DEUTSCHE BANK AS INSTRUCTED BY THE COURT

# I.
# STATEMENT OF KEY FACTS

A Notice of Default was recorded on April 6, 2010 indicating Debtor's house would be foreclosed on if arrearages were not settled. On April 13, 2010, Debtor filed a Chapter 7 petition and sought the protection of the bankruptcy Court. On or around April 26, 2010, (after Debtor had filed bankruptcy and the automatic stay was in effect) MERS proceeded to attempt to assign the Deed of Trust along with "the Notes therein" to Deutsche Bank, the alleged creditor and the moving party for the Motion to lift the automatic stay.

In filing the Motion to lift the Automatic stay, Deutsche Bank offered as proof of its constitutional *standing* and that it was the *real party in interest* to Plaintiff's loan (i.e. that it held a <u>valid lien</u> giving it the right to lift the automatic stay and foreclose on the property) a COPY of a BEARER PAPER note that was offered for the purpose of proving Deutsche Bank (as trustee of the securitized loan) had a valid secured interest in the property. However, no allegations or offers or proof were made to the extent that Deutsche HELD THE ORIGINAL NOTE WHICH WOULD BE REQUIRED TO ENFORCE BEARER PAPER AND GIVE IT STANDING TO FILE THE MOTION.

The legal question is whether the purported MERS assignment was an attempt to "create or perfect" a lien in Plaintiff's property. For the reasons that follow, we believe it is, and such act is a willful violation of the automatic stay and is "instantly void." In addition without proof of legal ownership of Plaintiff's loan, Deutsche is trying to get a "house for free" to which it is not entitled.

# II.
# MEMORANDUM OF POINTS AND AUTHORITIES

I. **DEUTSCHE BANK VIOLATED THE AUTOMATIC STAY WHEN "MERS" (AN AGENT FOR DEUTSCHE) ASSIGNED THE DEED OF TRUST "AND NOTES**

DEBTORS BRIEF REGARDING VIOLATION OF THE STAY

<u>THEREIN" TO DEUTSCHE BANK, AS TRUSTEE, AFTER THE DEBTOR FILED FOR BANKRUPTCY PROTECTION. SUCH ACT WAS AN ATTEMPT TO "CREATE" AND "PERFECT" DEUTCHE BANKS' LIEN WHICH WAS NOT PREVIOUSLY IN EXISTENCE.</u>

Mortgage Electronic Registration Systems, Inc. ("MERS") is the Agent of Deutsche (See attached **Exhibit "A"** which is a true and correct copy of a printout from the MERS website indicating Duetsche Bank is a MERS member. As such, each member appoints MERS as their authorized agent pursuant to contract.

*At the time of filing the Motion to Lift the Stay, counsel for Deutsche Bank had no knowledge whatsoever as to whether or not Deutsche Bank had an original copy of the promissory note* (BEARER PAPER) evidencing the legal right to enforce the underlying debt as a lien, and enabling them to prove to a legal certainty that the Debtor actually owed a debt to Deutsche Bank (as opposed to some other entity – after all, mistakes do happen). See attached **Exhibit "B"** which is a true and correct copy of email correspondence between Plaintiff and Defense counsel AFTER the motion to lift the stay was filed which indicates *counsel for Deutsche did not know whether Deutsche could prove its right to enforce the debt at the time of filing the motion and therefore he did not know if there was a valid lien.*

A valid lien on real property requires both an underlying enforceable obligation (note) and a security instrument (deed of trust). In fact, there were no allegations as to whether or not Deutsche held the original bearer note in the motion to lift the stay. Only a "COPY" of a note was attached to the motion.

It is well settled that *an entity cannot enforce a promissory note dealing with real estate interests, such as a mortgage loan, without actually being the "holder" of the <u>original</u> note.* It is impossible to define security apart from its relationship to the promise or obligation it secures. See Civil Code §§ 2872, 2909, 2920; California Mortgages and Deeds of Trust, and Foreclosure Litigation, by Roger Bernhardt, Fourth Edition, § 1.11. The obligation and the security are commonly drafted as separate documents - typically a promissory note and a deed of trust. Also see <u>California Commercial Code Section</u> 3301 which spells out that an entity must be the "*holder*" of the "*instrument*" (as opposed to being the "holder of a *copy*" of an instrument – in fact, a COPY cannot be deemed an "instrument" and there may be many duplicate copies circulating around in relation to any given loan).

In the case of In re Hwang, 396 B.R. 757 (C.D. California 2008) – the court further articulated the need to be a "*holder*" of the original loan in order to be the *real party in interest* (that is, the party that holds the lien and is entitled to foreclose on real property and the party with a concrete stake in the outcome of the case). *Hwang* was also a Bankruptcy case dealing with a motion to lift the automatic stay. In this case, the Court held that only the "*holder*" of a loan (under California Commercial Law Section 3301) can be the "*real party in interest.*" There was no discussion permitting any COPY of the loan, or HOLDING A COPY of the loan. Without being the holder of the note, there can be no lien to enforce and thus no right to foreclose on any property.

In the case of In Re Barry Weisband, 427 B.R. Chapter 13 (Dist. Ariz. 2010), the Arizona bankruptcy Court confirmed that proper credentials were needed to prove an alleged creditor was actually a real party in interest (valid lien) entitled to lift the automatic stay. ***It should go without saying that if an alleged creditor cannot prove they are the real party in interest to a loan, they cannot possibly have a valid lien***. In Weisband, the Court held:

> "As to GMAC's first argument, GMAC did not demonstrate it was the **holder of the note** under Arizona law (*A.R.S. 47-3301* says only the "holder" of the note can enforce it). The court cited *A.R.S. Section 47-1201(b)-20(a)*, defining a holder as "the person in *possession* of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Because GMAC's **endorsement was on a separate piece of paper** (allonge) rather than fixed to the note, it could not be considered the holder of the loan. The allonge must be affixed to the note to effectuate a legal transfer of the note. Therefore, the possession of the original note (one GMAC produced in court) meant nothing as GMAC "*didn't prove the note was properly payable to GMAC.*" In addition, the allonge endorsement was not included with GMAC's proof of claim, further indicating that it had not been affixed to the note at the time of transfer."

**AGAIN, THE CASES STAND FOR THE PROPOSITION THAT LEGAL REQUIREMENTS <u>UNDER STATE COMMERCIAL LAW</u> MUST BE MET BEFORE A**

PARTY CAN CONSIDER ITSELF THE HOLDER OF THE LOAN, AND BY NATURAL EXTENSION, THE HOLDER OF A <u>VALID LIEN</u>.

At the time of filing the motion to lift the automatic stay, Deutsche's could did not allege, establish, or prove, that Deutsche held the *original bearer instrument* and therefore it could not be stated with any legal certainty that Deutsche held a valid lien at the time of filing the motion (AGAIN, A VALID REAL PROPERTY LIEN WOULD REQUIRE BOTH AN ENFORCEABLE NOTE AND DEED OF TRUST HELD BY THE SAME PARTY).

In an effort to remedy this legal deficiency, **Debtor argues that MERS (as agent of Deutsche) attempted to CREATE AND PERFECT Deutsche Bank's LIEN by Assigning the Deed of Trust (along with the "Notes Therein" and "the money due") while the Bankruptcy Stay was in effect.** SINCE, IN INFORMATION AND BELIEF, DEUTSCHE WAS NOT THE HOLDER OF THE ORIGINAL LOAN INSTRUMENT AT THE TIME OF FILING THE LIFT-STAY MOTION, THEY NEEDED <u>AN INTEREST IN THE NOTE</u> TO NOT ONLY CREATE, BUT TO PERFECT THEIR INTEREST. See attached **Exhibit "C"** for a true and correct copy of the purported Assignment of the Deed of Trust which indicates MERS was attempting to assign the right to enforce the note (the Deed of Trust Security) – "TOGETHER WITH THE NOTES THEREIN DESCRIBED." It should be noted, as discussed below, that MERS did not attach the note with this purported assignment, and cases have held that MERS has no beneficial interest in the Note, and in fact, MERS has no actual authority to attempts any such assignment.

In California, to perfect the transfer of mortgage paper as collateral, *the OWNER should PHYSICALLY DELIVER the NOTE to the transferee.* <u>Bear v. Golden Plan of California, Inc.</u>, 829 F.2d 705, 709 (9th Cir. 1986)…….. *without physical transfer (of the note) the sale of the note could be invalid as a fraudulent conveyance* (under Cal. Civ. Code Section 3440) or as unperfected (under Cal. Com. Code 9313-9314)" See <u>Roger Bernhardt, California Mortgages and Deeds of Trust and Foreclosure Litigation Section 1.26</u> (4th ed. 2009).

More troubling is the fact that *MERS was without legal power to make any such of assignment of the Deed of Trust or the Note.* Again, MERS didn't hold the note. The *Hwang* Court addressed the power (or lack of power) of MERS when it held:

"GMAC argues that it has standing to bring the Motion as the assignee of MERS. In this case, MERS is named in the DOT as a beneficiary, solely as the "nominee" of GreenPoint,

holding only "legal title" to the interests granted to GreenPoint under the DOT. A number of cases have held that <u>such language confers no economic benefit on MERS.</u> *See, e.g., In re Sheridan*, 2009 WL 631355, *4 (Bankr. D. Idaho 2009); *In re Mitchell*, 2009 WL 1044368, *3-4 (Bankr. D. Nev. 2009); *In re Jacobson*, 402 B.R. 359, 367 (Bankr. W.D. Wash. 2009). As noted by the *Sheridan* court, <u>MERS "collect[s] no money from [d]ebtors under the [n]ote, nor will it realize the value of the [p]roperty through foreclosure of the [d]eed of [t]rust in the event the [n]ote is not paid."</u> 2009 WL 631355 at *4.

Because <u>MERS has no financial interest in the Note, it will suffer no injury if the Note is not paid and will realize no benefit if the DOT is foreclosed. Accordingly, MERS cannot satisfy the requirements of constitutional standing.</u> *GMAC, as MERS' assignee of the DOT, "stands in the shoes" of the assignor, taking only those rights and remedies the assignor would have had.* Hunnicutt Constr., Inc. v. Stewart Title & Trust of Tucson, Trust No. 3496, 187 Ariz. 301, 304 (Ct. App. 1996) *citing Van Waters & Rogers v. Interchange Res., Inc.*, 14 Ariz. App. 414, 417 (1971); *In re Boyajian*, 367 B.R. 138, 145 (9th Cir. BAP 2007). *Because GMAC is MERS' assignee, it cannot satisfy the requirements of constitutional standing either."*

In addition, California Courts have likewise recognized MERS has no beneficial interest in a loan and no right to attempt to assign any Deed of Trust or the notes therein. In the case of In re Walker the court discussed how <u>*MERS does not own the underlying note, deed of trust, and has no right to try to transfer it and no right to foreclose.*</u> The Court cited In re Foreclosure Cases, 521 F. Supp. 2d 650, 653 (S.D. Oh. 2007), In re Vargas, 396 B.R. 511, 520, (Bankr. C.D. Cal. 2008), Landmark Nat'l Bank v. Kesler, 216 P.3d 158 (Kan. 2009), and LaSalle bank v. Lamy, 824 N.Y.S. 2d 769, (N.Y. Sup. Ct. 2006). In this case, MERS offered no proof that it would have owned the loan at issue and therefore, the court determined it had absolutely no interest to transfer to Citibank, and Citibank therefore had nothing either. *Without proof it owned the note, there was likewise no right to attempt to transfer the deed of trust to Citibank.* As a result, Citibank has no right to assert a claim in the bankruptcy case.

The *Walker* Court also discussed that the *"Note and Deed of Trust are*

*inseparable.........the former as essential and the later as an incident."* An assignment of the note carries the mortgage with it while the assignment of the later alone is a nullity." Again, there is no proof or allegation that Deutsche owns or holds the original note and no proof has been offered to the Court. The attorney for Deutsche did not know when he filed the lift-stay motion whether or not such an original note existed. MERS therefore attempted to create, perfect and enforce the lien by assigning the note and deed of trust.

The assignment, although *"an act to create and perfect a lien,"* in violation of the stay, was invalid and the original note (if one exists) and the deed of trust are bifurcated and separated. As such, there can be no valid "lien" in this instance subject to additional proof, and no right for Deutsche to lift the automatic stay. Again, the relevant note at issue is "bearer paper" and is only enforceable under California Commercial Code by the party who actually **holds the original instrument** per In re Hwang, 396 B.R. 757 (Bankr. C.D. Cal. 2008). An obligation can exist with or without security. ***With no security, the obligation is unsecured (no lien) but still valid.*** A security interest, however, cannot exist without an underlying existing obligation. (Hensley v. Hotaling (1871) 41 C 22; Turner v. Gosden (1932) 121 CA 20, 8 P. 2d 505; Lee v. Joseph (1968) 267 CA2d 30, 72 CR 471).

In addition, if the transferee is given the deed of trust without the note accompanying it, the transferee has no meaningful rights except the possibility of legal action to compel the transferor to transfer the note as well, if such was the agreement. (Kelley v. Upshaw (1952) 39 C.2d 179, 246 P.2d 23; Polhemus v. Trainer (1866) 30 C 685). Consequently, when one transferee receives the note and another receives the deed of trust, the one holding the note prevails, regardless of who first received a transfer. Adler v. Sargent (1895) 109 C. 42, 41 P. 799. (California Mortgages and Deeds of Trust, and Foreclosure Litigation, by Roger Bernhardt, Fourth Edition, section 1.25). Here, there is no proof who actually holds the original bearer instrument.

That being said, there is still no other reason Deutsche would seek an assignment of the Deed of Trust and Note if it had the original bearer note and if *the security follows the note, legally if not physically*. (Civil Code § 2936; Seidell v. Tuxedo Land Co. (1932) 216 c 165, 13 P.2d 686. Lewis v. Booth (1935) 3 C.2d 345, 44 P.2d 560) (endorsement of note transferred deed of trust). Duetsche needed some proof of loan ownership and transferring the Deed of Trust (and "notes therein") was the strategy to effectuate that.

---

DEBTORS BRIEF REGARDING VIOLATION OF THE STAY

## II. THE BANKRUPTCY CODE, BY ITS PLAIN MEAINING, PROHIBITS ANY ACT TO CREATE OR PERFECT A LIEN WHEN A DEBTOR IS IN BANKRUPTCY

Under 11 U.S.C. 362(5) it is a violation of the stay where there is:

*"any act **to create, perfect, or enforce against property of the debtor any lien** to the extent that such lien secures a claim that arose before the commencement of the case under this title."*

Without the Original Note in its possession at the time of filing the lift-stay motion, Deutsche sought to perfect its lien with the MERS assignment. Such attempt to *"create, perfect, and enforce"* a lien violates the automatic stay. Wherefore Plaintiff hereby requests its attorney fees, damages, and other remedies the Court deems just and equitable, and a determination that Deutsche Bank, as Trustee of the Securitized loan trust, has no enforceable lien. The automatic stay should also stay in effect pending Plaintiff filing an adversary proceeding which it reserves its right to file to challenge the validity of the lien.

## IV.
## CONCLUSION

Deutsche violated the automatic stay when its agent, MERS, assigned a Deed of Trust together with the "notes therein" in an act designed to "create, perfect and enforce" a lien in the debtor's property. Because Deutsche has failed to establish, or even allege that it has physical possession of the *original bearer note* which would have given them a valid lien prior to the Debtor filing Bankruptcy, MERS sought to remedy the shortcoming by assigning the Deed of Trust and note. This is impermissible and was done when the Bankruptcy Stay was in effect. There really is no other valid explanation (where the original note does not exist) for assigning both the note and deed of trust as MERS did. Wherefore, Plaintiff seeks damages and attorney fees for a violation of the automatic stay, and requests that the assignment of deed of trust and

note be set-aside.

In addition, Defendant must be required to produce the original bearer paper in Court to establish that it did not violate the automatic stay. If it cannot prove it is the holder of the original note (and by natural extension, the holder of the security that follows the note) then there is a clear cut stay violation that must be remedied. Declarations at this point will not prove or disprove the issue. The original note must be produced for the Court's inspection. To hold otherwise is akin to allowing an entity to obtain the Debtor's house for free where a legitimate creditor should be sought out liability as to them be discharged while the bankruptcy case is still pending.

RESPECTFULLY SUBMITTED

Dated: August 26, 2010                    LAW OFFICES OF STEVEN C. VONDRAN, P.C.

By: _____
STEVEN C. VONDRAN, ESQ.
ATTORNEY FOR DEBTOR
DEANNA EILEEN RACHLIN

**EXHIBIT "A"**

## Please Select A Company Below:

Deutsche Bank AG New York Branch

Deutsche Bank National Trust Company

Deutsche Bank National Trust Company Americas

Deutsche Bank National Trust Company Americas as Trustee

Deutsche Bank National Trust Company as Trustee

Deutsche Bank Trust Company Americas.

Back To Member Search

Copyright© 2002 by MERSCORP, Inc. 1-800-646-MERS (6377)
Other products or company names are or may be trademarks
or registered trademarks and are the property of
their respective holders.

**EXHIBIT "B"**

From: "Art Matthews" <aem@burnett-matthews.com>
Subject: **RE: Hey Art, any word re my last message?**
Date: August 2, 2010 6:51:08 PM PDT (CA)
To: "'The Law Offices Of Steve Vondran'" <steve@vondranlaw.com>

I will ask.

Art Matthews
Burnett & Matthews LLP
4675 MacArthur Court, Suite 1540
Newport Beach, CA 92660
Tel (949) 975-1994
Fax (949) 975-1988

-----Original Message-----
From: The Law Offices Of Steve Vondran [mailto:steve@vondranlaw.com]
Sent: Monday, August 02, 2010 6:42 PM
To: Art Matthews
Subject: Re: Hey Art, any word re my last message?

I am not looking for a fight, only a solution in a tough business.



Frankly speaking, without possession of the original note, (no legal right to enforce loan) it is the bank seeking a windfall no?

The Walker case makes clear the note is needed. 

Steve

Sent from my iPhone

On Aug 2, 2010, at 6:37 PM, "Art Matthews" <aem@burnett-matthews.com> wrote:

I don't know if they have the original note 

Art Matthews
Burnett & Matthews LLP
4675 MacArthur Court, Suite 1540
Newport Beach, CA 92660
Tel (949) 975-1994
Fax (949) 975-1988

-----Original Message-----
From: The Law Offices Of Steve Vondran [mailto:steve@vondranlaw.com]
Sent: Monday, August 02, 2010 6:27 PM
To: <aem@burnett-matthews.com>
Subject: Re: Hey Art, any word re my last message?

*[Handwritten margin note: Potential Settlement Discussions Redacted]*

Are you saying deutsche has physical possession of the original note properly endorsed? If so, why did mets try to assign the deed of trust and notes therein while stay was in effect?

Sent from my iPhone

On Aug 2, 2010, at 6:15 PM, "Art Matthews" <aem@burnett-matthews.com> wrote:



Art Matthews
BURNETT & MATTHEWS LLP
4675 MacArthur Court, Suite 1540
Newport Beach, CA 92660
Tel (949) 975-1994
Fax (949) 975-1988

---------- Original Message ----------------------------------
From: The Law Offices Of Steve Vondran <steve@vondranlaw.com>
Date: Mon, 2 Aug 2010 17:42:43 -0700

Our only other option then becomes filing an adversary proceeding to challenge the validity of the lien and seek an injunction on that ground. There has been no allegation of note ownership and no proof in this regard no matter whether it is me asking or the judge. This case is on point with in re walker wherein citibank left the court empty handed.

I will get back to you.

Steve

Sent from my iPhone

On Aug 2, 2010, at 4:32 PM, "Art Matthews" <aem@burnett-matthews.com> wrote:

Steve,

**EXHIBIT "C"**

RECORDING REQUESTED BY:

LPS Default Title & Closing
When Recorded Mail Document To:

Meridian Foreclosure Service
8485 W. Sunset Rd., Suite 205
Las Vegas, NV 89113

Space above line for Recorder's use only.

Trustee Sale No.: 15106CA

Title Order No.: 100202354-CA-MAI

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR14, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR14 UNDER THE POOLING AND SERVICING AGREEMENT DATED OCTOBER 1, 2006 all beneficial interest under that certain Deed of Trust dated 08/16/06, executed by CAROLYN VALDEZ AND DEANNA E RACHLIN, as Trustor, to ORANGE COAST TITLE CO, as Trustee, and Recorded on 08/21/06 as instrument No. 06 1849085 of Official Records in the County Recorder's office of LOS ANGELES County, California, describing land therein as: APN: 8305-006-039, SITUS: 1933 ROSEMOUNT AVE, CLAREMONT, CA 91711. LEGAL DESCRIPTION AS MORE FULLY DESCRIBED ON SAID DEED OF TRUST

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated: 4-26-10

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR QUICKEN
LOANS INC

By: _____

Suchan Murray    Authorized Signatory

Exhibit C

State of _____Texas_____ )
                         ) ss
County of ____Travis____ )

On _____APR 26_____, 2010, before me,

_____Krystle Price_____, the undersigned Notary Public,

personally appeared _____Suchan Murray_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____[signature]_____ (Seal)

KRYSTLE GISSELLE PRICE
Notary Public, State of Texas
My Commission Expires
June 15, 2011

## PROOF OF SERVICE

State of California
County of Orange

Law Office of Steven C. Vondran, P.C.
**620 NEWPORT CENTER DRIVE, SUITE 1100**
**NEWPORT BEACH, CA 92660**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is **620 Newport Center Drive, Suite 1100, Newport Beach, CA 92660 and 2415 E. Camelback Road, Suite 700, Phoenix, Arizona 85016.**

*On August 26, 2010, I served the foregoing document(s) on the interested parties in this action*

**DEBTOR'S BRIEF REGARDING VIOLATION OF THE AUTOMATIC STAY**

*by placing a true copy thereof enclosed in a sealed envelope addressed as follows:*

**"SEE ATTACHED SERVICE LIST BELOW"**

XX I placed such envelope with postage thereon fully prepaid in the United States at NEWPORT BEACH, CA.

XX I am "readily familiar" with the State's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal service on that same day with postage thereon fully prepaid at NEWPORT BEACH, CA in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one date of deposit for mailing in affidavit.

XX I sent such document(s) by **OVERNIGHT COURIER** Express

__ I sent such document(s) by **Facsimile (FAX)**

__ I delivered such envelope **by hand** to the offices of the addresses listed below

XX I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

XX I declare that I am employed, or volunteer in the office of the member of the bar of the court at whose direction the service was made.

Executed on *August 26, 2010* at NEWPORT BEACH, CA

Steven C. Vondran, Esq.

Service List:

**Art Matthews**
**Burnett & Matthews LLP**
**4675 MacArthur Court, Suite 1540**
**Newport Beach, CA 92660**