Arturo E. Matthews, Jr. (SBN #145232)
BURNETT & MATTHEWS, LLP
4675 MacArthur Court, Suite 1540
Newport Beach, CA 92660
Phone:        (949) 975-1980
Fax:            (949) 975-1988

Attorneys for Movant DEUTSCHE BANK NATIONAL TRUST CMOPANY, AS TRUSTEE
OF THE INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR14, MORTGAGE PASS-
THROUGH CERTIFICATE,S SERIES 2006-AR14 UNDER THE POOLKING AND
SERVICING AGREEMENT DATED OCTOBER 1, 2006

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>DEANNA EILEEN RACHLIN,<br><br>               Debtor,<br>_____<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, AS TRUSTEE OF THE INDYMAC<br>INDX MORTGAGE LOAN TRUST 2006-AR14<br>MORTGAGE PASS-THROUGH CERTIFICATES,<br>SERIES 2006-AR14 UNDER THE POOLING<br>AND SERVICING AGREEMENT DATED<br>OCTOBER 1, 2006,<br><br>               Movant,<br><br>v.<br><br>DEANNA EILEEN RACHLIN, Debtor; ELISSA<br>MILLER, Chapter 7 Trustee,<br><br>               Respondents. | Case No. 2:10-bk-24246 RN<br><br>REPLY TO DEBTOR'S OPPOSITION TO<br>MOTION FOR RELIEF FROM THE<br>AUTOMATIC STAY AND "BRIEF<br>REGARDING DEUTSCHE BANK<br>VIOLATION OF STAY"<br><br>Date:        September 8, 2010<br>Time:        9:00 a.m.<br>Courtroom: 1645<br>Floor:       16th |

1    Movant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE

2    INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR14, MORTGAGE PASS-THROUGH

3    CERTIFICATES, SERIES 2006-AR14 UNDER THE POOLING AND SERVICE AGREEMENT

4    DATED OCTOBER 1, 2006 ("Movant") hereby submits the following Reply to the Debtor's

5    opposition to Movant's Motion for Relief from the Automatic Stay and "Brief Regarding Deutsche

6    Bank's Violation of Stay."

## I.
### MOVANT IS IN POSSESSION OF THE ORIGINAL PROMISSORY NOTE AND THEREFORE HAS THE RIGHT TO FORECLOSE ON THE PROPERTY

9    Debtor's primary contention in its opposition to Movant's motion for relief from the automatic

10    stay is that Movant lacks standing to seek relief because it is not in possession of the original note

11    reflecting Debtor's obligation.  This is simply untrue.

12    As reflected in the Declaration of Brian Burnett filed with the Court on August 26, 2010,

13    Movant has been in possession of the original Note concerning the subject property located at 1933

14    Rosemount Avenue, Claremont, California  91711, since October 2, 2006.

15    Accordingly, any claim that Movant lacks standing because it does not have possession of the

16    original Note must be rejected by the Court.

## II.
### THE ASSIGNMENT OF THE NOTE AND DEED OF TRUST BY MERS DOES NOT VIOLATE THE AUTOMATIC STAY

19    The Debtor also seems to contend that the assignment of the Note and Deed of Trust from

20    Mortgage Electronic Registration Systems, Inc. ("MERS") to Movant was improper  because MERS

21    has no beneficial interest in the underlying Note and no authority to make an assignment.  This is

22    incorrect.

23    As the United States District Court for the Eastern District of California recently observed,

24    MERS "may assign its beneficial interest to another party." Lane v. Vitek Real Estate Indus. Group,

25    2010 U.S. Dist. LEXIS 54831, 13 (E.D. Cal. May 13, 2010).[1]

27    [1] A copy of this decision is attached as Exhibit A.

1     Moreover, as the Sixth Circuit Court of Appeals found in an analogous context, whether MERS

2     violated the Trust Agreement by assigning the DOT to Deutsche Bank is "immaterial because neither

3     the Debtor nor the Trustee are parties to the Trust Agreement . . . [and] [t]hey lack standing to enforce it

4     . . ." Rogan v. Bank One, N.A. (In Re Cook), 457 F.3d 561, 567 (6th Cir. 2006).

5          "[E]very state permits a person or entity to hold legal title in the public land records as nominee

6     for another person or entity that is the true party in interest. See, e.g., American Bank & Trust Co. v.

7     Louisiana Savings Assn. (La. Ct. App. 1980) 386 So.2d 96." Yes, There Is Life On MERS, 11 ABA

8     Probate & Property 32, 35-36 (July/August 1997).  Participation in MERS is not illegal. See, e.g.,

9     Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177, 1190 (N.D. Cal. 2009) ("California

10    courts have found the argument, allowing the power of sale provision to grant MERS the right to

11    foreclose, persuasive."); In Re Roberto, 367 B.R. 677 (D. Colo. 2007) (MERS has all of the substantive

12    rights of the party holding the beneficial interest in the deed of trust, including the right to foreclose).

13         As the Honorable Claudia Wilken, United States District Court Judge for the Northern District

14    of California, recently noted:

15          . . . MERS has thousands of clients, which include some of the country's best known

16          mortgage companies and banks, and is involved in approximately 60 million loan

17          transactions.

18    Mortgage Elec. Registration Systems, v. Brosnan, U.S. Dist. LEXIS 87596 (N.D. Cal. September 4,

19    2009).[2]

20         No court has ever held that naming MERS as the nominal beneficiary of a deed of trust violates

21    California law or precludes MERS from assigning the deed of trust.

22    ///

23    ///

24    ///

25    ///

26    ———————————————

27          [2] A copy of this decision is attached hereto as Exhibit B.

28

**III.**

**MOVANT'S LIEN AGAINST THE PROPERTY WAS PERFECTED WHEN THE
ORIGINAL NOTE AND DEED OF TRUST WERE SIGNED**

Debtor's contention that the assignment of the Note and Deed of Trust by MERS to Movant

violated the automatic stay because it constituted an attempt to "create or perfect" a lien against the

Property is insupportable.

First, Debtor argues that the assignment from MERS to Movant must have been intended to

"create or perfect" a lien because Movant did not have possession of the original Note, such that it

already had a perfected interest.  As reflected in the accompanying declaration of Brian Burnett, the

premise underlying this contention is simply wrong, as Movant had, and continues to have, possession

of the original Note.

Second, the argument that the assignment of a mortgage post-petition is a violation of the

automatic stay has been rejected by the courts.  In both Kapila v. Atl. Mortgage & Investment Corp. (In

Re Halabi), 184 F.3d 1335, 1338 (11th Cir. 1999) and In Re Cook, supra, 457 F.3d 561, 568, the courts

held that a mortgage or deed of trust in which the debtor is the trustor or borrower is not property of the

bankruptcy estate.  Therefore, the assignment of such a mortgage or deed of trust post-petition is not

voidable as a violation of the automatic stay or an unauthorized post-petition transfer.  Halabi, supra,

184 F.3d at 1337; Cook, supra, 457 F.3d at 568.


DATED:  August 31, 2010                     BURNETT & MATTHEWS, LLP


                                   By: /s/ **Arturo E. Matthews, Jr.**
                                         Arturo E. Matthews, Jr.
                                         Attorney for Plaintiff
                                         BANK OF AMERICA, N.A.

REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND "BRIEF
REGARDING DEUTSCHE BANK VIOLATION OF STAY"