1  Arturo E. Matthews, Jr. (SBN #145232)
   **BURNETT & MATTHEWS LLP**
2  4675 MacArthur Court, Suite 1540
   Newport Beach, California 92660
3  Telephone: (949) 975-1980
   Facsimile: (949) 975-1988
4
5  Attorneys for Movant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE
   INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR14, MORTGAGE PASS-THROUGH
   CERTIFICATES, SERIES 2006-AR14 UNDER THE POOLING AND SERVICING AGREEMENT
6  DATED OCTOBER 1, 2006

7
                    **UNITED STATES BANKRUPTCY COURT**
8
                    **CENTRAL DISTRICT OF CALIFORNIA**
9
                         **LOS ANGELES DIVISION**
10

| | |
|---|---|
| In re: | Case No: 2:10-bk-24246-RN |
| DEANNA EILEEN RACHLIN, | |
| Debtor, | CHAPTER 7 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR14, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR14 UNDER THE POOLING AND SERVICING AGREEMENT DATED OCTOBER 1, 2006, | MOVANT'S MEMORANDUM OF POINTS AND AUTHORITIES REGARDING EXECUTION OF OUT OF STATE DECLARATIONS IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY; DECLARATION OF ARTURO E. MATTHEWS, JR. IN SUPPORT THEREOF |
| Movant, | |
| v. | Cont'd Hearing Date: October 20, 2010
Time: 9:00 a.m. |
| DEANNA EILEEN RACHLIN, Debtor; ELISSA MILLER, Chapter 7 Trustee; | Ctrm: 1645
Floor: 16th |
| Respondents. | |

**TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY JUDGE;**

**THE DEBTOR, THE CHAPTER 7 TRUSTEE, AND ALL INTERESTED PARTIES:**

Movant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR14, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR14 UNDER THE POOLING AND SERVICING AGREEMENT DATED OCTOBER 1, 2006, hereby submits its memorandum of points and authorities regarding the execution of out of state declarations:

I.

## DECLARATIONS FILED IN FEDERAL COURT ARE NOT REQUIRED TO RECITE THAT THEY ARE MADE UNDER THE LAWS OF THE STATE OF CALIFORNIA.

At the September 8, 2010 hearing on Movant's Motion for Relief from Stay ("Motion"), counsel for the Debtor cited the case of <u>Kulshrestha v. First Union Commercial Corporation</u> case, 33 Cal.4th 601, 15 Cal.Rptr.3d 793 (2004) for the proposition that declarations executed outside the State of California must recite that the declaration is made "under the laws of the State of California."

That assertion is not correct. In fact, the holding in <u>Kulshrestha</u> was clearly limited to cases decided in California courts and/or that seek to apply California law. The Court referred to <u>California Code of Civil Procedure Section</u> 2015.5 which states that:

> Whenever, ***under any law of this state or under any rule, regulation, order or requirement made pursuant to the law of this state***, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn statement, declaration, verification, certificate, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may with like force and effect be supported, evidenced, established or proved by the unsworn statement, declaration, verification, or certificate, in writing of such person which recites that it is certified or declared by him or her to be true under penalty of perjury, is subscribed by him or her, and (1), if executed within this state, states the date and place of execution, or (2), if executed at any place, within or without this state, states the date of execution and that it is so certified or declared under the laws of the State of California. The certification or declaration may be in substantially the following form:
>
> (a) If executed within this state:
>
> "I certify (or declare) under penalty of perjury that the foregoing is true and correct"...
>
> ...(b) If executed at any place, within or without this state:
>
> "I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct":... (emphasis added).

Significantly, the <u>Kulshrestha</u> court discussed the federal statute governing the execution of declarations and in that regard, stated as follows:

/ / /

/ / /

/ / /

2

The statutory phrase at issue here received much attention during the passage of Senate Bill No. 1615. As first introduced, the amendment to section 2015.5 was virtually identical in both substance and form to the *federal declaration statute, 28 United States Code section 1746*. This similarity was intentional. Citing the federal statute, *which allows use of unsworn declarations in federal court "regardless of whether [they were] executed \*615 within or outside the United States,"* state lawmakers emphasized their intent to admit unsworn declarations in state court even if they were signed outside the state. (Sen. Com. on Judiciary, Analysis of Sen. Bill \*\*\*802 No. 1615 (1979-1980 Reg. Sess.) as introduced Feb. 28, 1980, p. 3; Assem. Com. on Criminal Justice, Analysis of Sen. Bill No. 1615 (1979-1980 Reg. Sess.) as introduced Feb. 28, 1980, p. 2.) FN9

FN9. The federal statute was enacted in 1976, about four years before the relevant changes to section 2015.5 were made. (See Act of Oct. 18, 1976, Pub.L. No. 94-550, § 1(a), 90 Stat. 2534.) Now, as then, 28 United States Code section 1746 reads as follows: *"Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:*

"(1) If executed without the United States: 'I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
(Signature)'.

"(2) If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
(Signature)'." (emphasis added).

It is clear that 28 U.S.C. Section 1746, and not California Code of Civil Procedure Section 2015.5 governs the use of declarations in federal courts. Therefore, the Declaration used by Movant in support of its Motion for Relief from Stay (and contained in the Court's pre-printed mandatory form F-4001-M.RP) was wholly appropriate for use in this Court.

Dated: September 30, 2010          Respectfully Submitted,

BURNETT & MATTHEWS LLP


By: /s/Arturo E. Matthews, Jr.
ARTURO E. MATTHEWS, JR.
Attorneys for Movant

## DECLARATION OF ARTURO E. MATTHEWS, JR.

I, Arturo E. Matthews, Jr., hereby declare as follows:

1.  I am an attorney at law duly authorized to practice law before this Court and am a partner with the law firm of Burnett & Matthews LLP, attorneys for Movant in the within matter. I have personal knowledge of the facts set forth herein or am informed and believe that the foregoing facts are true. If called upon as a witness, I could and would competently testify thereto.

2.  At the September 8, 2010 hearing on Movant's Motion for Relief from Stay, the Court ordered, inter alia, that: (1) the debtor submit a completed loan modification package to my office by September 15, 2010 and (2) make an adequate protection payment of $2,868.74 by September 20, 2010.

3.  To the best of my knowledge, my office has not received a loan modification package of any kind from the debtor nor has the debtor made an protection payment in any amount.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of September 2010 at Newport Beach, California.

/s/Arturo E. Matthews, Jr.
Arturo E. Matthews, Jr.

| In re: | CHAPTER: 7 |
|---|---|
| DEANNA EILEEN RACHLIN | |
| Debtor(s). | CASE NUMBER: 2:10-bk-24246-RN |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
BURNETT & MATTHEWS, LLP
4675 MACARTHUR COURT, SUITE 1540
NEWPORT BEACH, CA 92660

A true and correct copy of the foregoing document described as MOVANT'S MEMORANDUM OF POINTS AND AUTHORITIES REGARDING EXECUTION OF OUT OF STATE DECLARATIONS IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY; DECLARATION OF ARTURO E. MATTHEWS, JR. IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 9/30/10 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

Attorneys for Debtor: Steven C Vondran   steve@vondranlaw.com, Jeffrey J Hagen   hagenlaw@earthlink.net
Chapter 7 Trustee: Elissa Miller (TR)   CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;emiller@ecf.epiqsystems.com
United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 9/30/10 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor:
Deanna Eileen Rachlin
1933 Rosemount Avenue
Claremont, CA 91711

JUDGE RICHARD M. NEITER
U.S. BANKRUPTCY COURT
ROYBAL FEDERAL BUILDING
255 E. TEMPLE STREET, SUITE 1652
LOS ANGELES, CA 90012-3332

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/30/10 | Monica Gonzales | /s/ Monica Gonzales |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                    **F 9013-3.1**